UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **EVOKE WELLNESS, LLC**, a limited liability company; <br><br> **EVOKE HEALTH CARE MANAGEMENT, LLC**, a limited liability company; <br><br> **JONATHAN MOSELEY**, individually and as an owner, officer, or member of Evoke Wellness, LLC, and Evoke Health Care Management, LLC; and <br><br> **JAMES HULL**, individually and as an owner, officer, or member of Evoke Wellness, LLC, and Evoke Health Care Management, LLC <br><br> Defendants. | Case No. 0:25-cv-60073-MD <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Complaint"), for a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 5(m)(1)(A), 12, 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(m)(1)(A), 52, 53(b), and 57b, and Section 8023 of the Opioid Addiction Recovery Fraud Prevention Act of 2018 ("OARFPA"), 15 U.S.C. § 45d (ECF No. 1) on January 13, 2025. The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

1

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 & 52, and Section 8023 of OARFPA, 15 U.S.C. § 45d, in connection with the advertising of Substance Use Disorder Treatment Services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for the purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

  1. "**Corporate Defendants**" means Evoke Wellness, LLC; Evoke Health Care Management, LLC; and their successors and assigns.

  2. "**Individual Defendants**" means Jonathan Moseley and James Hull.

B. "**Search Ads**" means any advertisement generated in response to online search queries.

C. "**Substance Use Disorder Treatment Service**" means a service that purports to provide treatment, referrals to treatment, or recovery housing for people diagnosed with, having, or purporting to have a substance use disorder ("SUD").

D. "**SUD Facility**" means any SUD treatment facility that purports to provide Substance Use Disorder Treatment Services.

E. "**Third-Party SUD Facility**" means any SUD Facility other than the SUD Facility on behalf of which an advertisement or promotion is placed or disseminated.

**ORDER**

**I.   BAN ON USING THE NAMES OF THIRD-PARTY SUD FACILITIES IN SEARCH ADS**

IT IS ORDERED that Defendants are permanently restrained and enjoined from using the name of any Third-Party SUD Facility in any Search Ad, whether acting directly or through an intermediary.

**II.   PROHIBITION AGAINST MISREPRESENTATIONS**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promoting or offering for sale any Substance Use Disorder Treatment Service are permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication:

1. That any Search Ad is an advertisement for the SUD Facility consumers searched for;

3

      2. That the telephone number in any Search Ad is the telephone number of the SUD Facility consumers searched for; and

      3. That consumers who click-to-call or dial the telephone number for the SUD Facility displayed in any Search Ad will reach or have reached the SUD Facility they searched for.

B. Misrepresenting in any advertisement, including through the use of any name, logo, photograph, actual or display URL, website or webpage, or phone number, that such advertisement is from or sponsored by any Third-Party SUD Facility.

C. Making any misrepresentation, including through the use of any name, logo, photograph, or otherwise, that any SUD Facility is, is working directly for, is affiliated with, or is endorsed or sponsored by, any Third-Party SUD Facility.

D. Misrepresenting or assisting others in misrepresenting, directly or indirectly, any other fact material to consumers concerning any Substance Use Disorder Treatment Services, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of their performance, efficacy, nature, or central characteristics including, but not limited to, the range of SUD Treatment Services offered at any SUD Facility; the physical condition of any SUD Facilities or amenities available therein; the success rate associated with any SUD Treatment Services; or the superiority of any SUD Treatment Services over those offered by any other SUD Facility.

### III. PROHIBITION AGAINST IMPERSONATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive

actual notice of this Order, whether acting directly or indirectly, in connection with the promoting or offering for sale of any product, program, or service, are permanently restrained and enjoined from:

    A.    Materially and falsely posing as, or assisting others in materially and falsely posing as, directly or by implication, a business or officer thereof; or

    B.    Materially misrepresenting, or assisting others in materially misrepresenting, directly or by implication, affiliation with, including endorsement or sponsorship by, a business or officer thereof.

## IV.   TELEMARKETING COMPLIANCE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any Substance Use Disorder Treatment Services, are permanently restrained and enjoined from marketing Substance Use Disorder Treatment Services over the telephone, unless, within 60 days of entry of this Order, they establish, implement, and thereafter maintain policies, practices, and procedures that are reasonably designed to ensure that agents at any call center owned, controlled (directly or indirectly), managed, directed, or supervised by Defendants do not misrepresent, directly or by implication, the SUD Facility that callers have reached. Such policies, practices, and procedures must include at a minimum and without limitation:

    A.    Requiring each call center agent to begin all conversations with any consumer by immediately identifying, in a clear and conspicuous manner, the identity and the location of the SUD Facility (or SUD Facilities) where the call center agent is

employed;

B. Requiring each call center agent to disclose, in a clear and conspicuous manner, the identity and the location of the SUD Facility (or SUD Facilities) where the call center agent is employed in response to any question from a consumer about to whom the consumer is speaking or which SUD Facility (or SUD Facilities) the consumer has contacted;

C. Requiring each call center agent to enter into a written agreement promising that they will comply with Sections II and III of this Order;

D. Actively and regularly monitoring each call center to ensure compliance with the policies, practices, and procedures implemented pursuant to this Section. Such monitoring must include listening, on no less than a monthly basis, to a random sample of no fewer than 20 calls for each call center agent. It also includes informing the call center agent of, and documenting any, violation of Sections II and III of this Order; and

E. Promptly taking appropriate disciplinary action upon determining that an agent at any call center has engaged in conduct that violates any of the requirements of Sections II or III of this Order. Such disciplinary action must include terminating the employment of any call center agent who has more than two documented instances of violations.

## V.   CIVIL PENALTY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of $7 million ($7,000,000) is entered in favor of the Commission against Individual Defendants and Corporate Defendants, jointly and

      severally, as a civil penalty.

B.    Defendants are ordered to pay to the Commission $1.9 million ($1,900,000). Such payment must be made within 14 days of entry of this Order by electronic funds transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.    In the event Defendants fail to pay $1.9 million ($1,900,000) within 14 days of entry of this Order, Defendants shall be in default and the full amount of the judgment in Subsection A shall immediately become due, plus interest from the date of entry of this judgment pursuant to 28 U.S.C. § 1961, less any payment already made. Provided, however, that in the event of default, the judgment amount set forth in Subsection A above shall not become due if the Defendants cure such default within 14 days.

D.    The Commission's agreement to the suspension of part of the judgment against Defendants is expressly premised upon the truthfulness, accuracy and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations"), submitted to the Commission, including:

1. The Financial Statement of Individual Defendant Jonathan Moseley signed on June 23, 2024, including all attachments and amendments provided to the FTC via email from counsel dated July 31, 2024 and August 6, 2024.

2. The Financial Statement of Individual Defendant James Hull signed on June 26, 2024, including all attachments and amendments provided to the FTC via email from counsel dated July 25, 2024 and August 7, 2024.

3. The Financial Statement of Corporate Defendant Evoke Wellness, LLC signed by Neil McKinnell on July 8, 2024, including all attachments and amendments provided to the FTC via email from counsel dated July 1, 2024; July 10, 2024; August 19, 2024; October 18, 2024; and April 7, 2025.

4. The Financial Statement of Corporate Defendant Evoke Health Care Management, LLC signed by Neil McKinnell on July 8, 2024, including all attachments and amendments provided to the FTC via email from counsel dated July 1, 2024; July 10, 2024; July 22, 2024; August 19, 2024; October 18, 2024; and April 7, 2025.

5. The additional documentation submitted by email from Defendants' counsel, including Defendants' sworn declarations verifying the truthfulness and accuracy of the foregoing financial statements, including no material changes thereto submitted by Jonathan Moseley on April 4, 2025; James Hull on April 7, 2025; Evoke Wellness, LLC April 7, 2025; and Evoke Health Care Management, LLC on April 7, 2025.

E. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material assets, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

F. If the suspension of the judgment is lifted, the judgment becomes immediately due in the amount specified in Subsection A above which the parties stipulate only for the purposes of this Section represents the amount of civil penalty for the violations alleged in the complaint plus interest computed from the date of entry of this Order.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C. Defendants agree that the civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendants, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Each Defendant acknowledges that Defendants' Employer Identification Number, Social Security Number, or other Taxpayer Identification Number ("TIN"), including all TINs that Defendants previously provided, may be used by the Commission and Plaintiff for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

## VII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the

        Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which

  representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect

11

        compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject

line must begin: U.S. v. Evoke Wellness, Matter No. 2423009.

## IX. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## X. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission

       is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** in Fort Lauderdale, Florida, this ___ day of _____, 2025.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

FOR PLAINTIFF:

**FEDERAL TRADE COMMISSION**

*Cassie Rasmussen*          Date: 6/10/25

VICTOR DEFRANCIS
CASSANDRA RASMUSSEN
Attorneys, Division of Advertising Practices
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
Tel: 202-326-3274, -2840
Fax: 202-326-3259
vdefrancis@ftc.gov
crasmussen@ftc.gov


**FOR DEFENDANTS:**

*Kevin Bell*          Date: 4/22/25

KEVIN BELL, ESQ.
Arnall Golden Gregory LLP
2100 Pennsylvania Ave NW, Suite 350S
Washington DC 20037
Tel: 202-677-4906
Fax: 202-677-4907
Kevin.Bell@agg.com
COUNSEL for Evoke Wellness, LLC, Evoke Health Care Management, LLC, Jonathan Moseley, and James Hull

**DEFENDANTS: Evoke Wellness, LLC, Evoke Health Care Management, LLC, Jonathan Moseley, and James Hull**

*signature*          Date: 4/21/2025

EVOKE WELLNESS LLC - Manager

*signature*          Date: 4/21/2025

EVOKE HEALTH CARE MANAGEMENT LLC
Manager

_____  Date: 04/21/2025
JONATHAN MOSELEY

_____  Date: 4/21/2025
JAMES HULL

17